IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES E. WILSON, SR. and VERDELL M. WILSON, | : : : |
| Plaintiffs, | : : |
| vs. | : : |
| MCCALLA RAYMER, LLC, | : : |
| Defendant. | : : |

CIVIL ACTION NO.

1:12-CV-2663-CC

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation (hereinafter the "R&R") [Doc. No. 10] issued by Magistrate Judge Russell G. Vineyard on January 15, 2013, recommending that Defendant McCalla Raymer, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint for Damages (hereinafter the "Motion to Dismiss") [Doc. No. 5] be granted. The record reflects that Plaintiffs Charles E. Wilson, Sr. and Verdell M. Wilson (collectively referred to herein as "Plaintiffs") filed objections to the R&R on January 22, 2013. (See Doc. No. 12.) For the reasons stated herein, the Court **ADOPTS in part** and **REJECTS in part** the Magistrate's R&R and **GRANTS in part** and **DENIES in part** the Motion to Dismiss.

**I.     BACKGROUND**

Plaintiffs commenced this action against Defendant McCalla Raymer, LLC (hereinafter "Defendant") alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter the "FDCPA") and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq. (hereinafter the "GFBPA"). In response to Defendant's Motion to Dismiss, Plaintiffs agreed that their claims pursuant to the GFBPA were due to be dismissed. (See Resp. in Opp'n to Def.'s Mot. to Dismiss [Doc. No. 8] at 7.) Accordingly, as recommended by the Magistrate,

Defendant's Motion to Dismiss will be granted with respect to Plaintiff's GFBPA claims, and the focus of the Court's discussion in this Order will be on Plaintiffs' FDCPA claims.

Plaintiffs' FDCPA claims allegedly arise from several letters that Defendant sent to Plaintiffs following Plaintiffs' default on a residential mortgage loan. The letter at the center of the dispute in this lawsuit is dated August 2, 2011, and states, in pertinent part, the following:

> The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is:
>
> Bank of America, N.A.
> 475 Crosspoint Parkway
> Getzville, New NY 14068.
> 800-285-6000
>
> Please understand that the secured creditor is not *required* by law to negotiate, amend, or modify the terms of the mortgage instrument.

(Ex. C to Motion to Dismiss [Doc. No. 5-4] at 2) (emphasis in original). Attached to the letter is a "NOTICE OF SALE UNDER POWER," which also includes the above-quoted language. (See id. at 4.)

Plaintiffs maintain that Defendant violated the FDCPA by sending this letter of August 2, 2011. According to Plaintiffs, Bank of America, N.A. (hereinafter "BANA") was the original lender of the real estate loan and the secured creditor listed in both the promissory note (hereinafter the "Note") and security deed (hereinafter the "Security Deed") executed by Plaintiff. (First Am. Compl. ¶¶ 7, 8.) Subsequent to the loan transaction, however, BANA allegedly sold and assigned the Note to The Federal National Mortgage Association (hereinafter "Fannie Mae"). (Id. ¶ 11.) Plaintiffs became delinquent on their monthly payments on the Note, and BANA declared the Note to be in default. (Id. ¶ 13.) Plaintiffs allege that, prior to the letter of August 2, 2011, both BANA and Fannie Mae had confirmed to Plaintiffs several times between the loan closing and Plaintiffs' default that Fannie Mae was the secured creditor of Note. (Id. ¶ 19.) Therefore, Plaintiffs assert that the letter

sent by Defendant, whom BANA hired or otherwise employed as foreclosure counsel and debt collectors, erroneously identified BANA as the secured creditor and misleadingly implied that BANA possessed the authority to negotiate, amend, and modify all terms of the Note. (Id. ¶¶ 20, 28.)

Plaintiffs allege three specific violations of the FDCPA. First, Plaintiffs allege that Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to send a written notice that contained the name of the creditor to whom Plaintiffs actually owed the debt. (Id. ¶¶ 26, 28.) Second, Plaintiffs allege that Defendant violated 15 U.S.C. § 1692e, which precludes a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Id. ¶¶ 27, 28) (quoting 15 U.S.C. § 1692e). In this regard, Plaintiffs state that "Defendant deceptively implied that Bank of America, N.A. was the secured creditor of the Note, and had full authority to negotiate, modify or amend said Note, when Defendant had knowledge that in fact Fannie Mae was the *actual* secured creditor of the Note." (Id. ¶ 28.) Third, based on the same alleged deceptive statements, Plaintiffs assert that Defendant violated 15 U.S.C. § 1692f by using unfair and/or unconscionable means to attempt to collect a debt. (Id. ¶ 29.)

The Magistrate determined that all of Plaintiffs' FDCPA claims were due to be dismissed for failure to state a claim upon which relief can be granted. With respect to Plaintiffs' claim alleged pursuant to 15 U.S.C. § 1692g(a)(2), the Magistrate found that the letter of August 2, 2011, fell outside of the scope of § 1692g(a)(2) and therefore could not form the basis for a claim under this particular section of the FDCPA.[1] (R&R at 14-15.) With respect to Plaintiffs' claims alleged pursuant to §§ 1692e and 1692f, the Magistrate found that the actual language of the letter of August 2, 2011, refuted Plaintiffs' allegations that Defendant falsely identified

---

[1] The Magistrate noted that the one-year statute of limitations had expired with respect to any claim under § 1692g(a)(2) arising from the letter that Defendant had sent Plaintiffs earlier on April 28, 2011.

BANA as "the secured creditor of the Note" with "the full authority to negotiate, modify or amend said Note." (Id. at 16-17.) The Magistrate further found that, because BANA remained the holder of the security deed, the representation in the letter that BANA was the secured creditor of the mortgage with authority to modify the mortgage was not false, deceptive, or misleading and did not support a claim that Defendant used unfair or unconscionable means to collect a debt. (Id. at 17-18.)

Plaintiffs specifically object to the following holding of the Magistrate concerning Plaintiffs claims under §§ 1692e and 1692f.

> However, the August 2, 2011, letter did not identify BANA as "the secured creditor of the Note," or imply that BANA had authority to modify or amend the note. See generally [Doc. 5-4]. Instead, the letter identified BANA as the "secured creditor," with "full authority to negotiate, amend, and modify all terms of the *mortgage*," see [id. at 2 (emphasis added)], and as the Eleventh Circuit explained in Reese, a mortgage is not a note, it "is a security interest with real property as the collateral," 678 F.3d at 1216 (citations omitted). Thus, the amended complaint does not state a plausible claim that McCalla made a false, deceptive or misleading representation that BANA was "the secured creditor of the Note," or that BANA had authority to modify or amend the note, and the only remaining issue is whether the representation that BANA was the secured creditor with authority to modify the mortgage amounts to a false, deceptive, or misleading representation, and the Court finds that it does not.

(R&R at 17.) Plaintiffs likewise object to the Magistrate's finding that BANA qualified as a creditor under the FDCPA.

## II.   STANDARD OF REVIEW

After reviewing a magistrate judge's findings and recommendations, a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### III.   DISCUSSION

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To state a claim under the FDCPA, the plaintiff must allege sufficient facts to assert a plausible claim that: (1) he or she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" as defined by the FDCPA; and (3) the defendant has engained in an act or omission prohibited by the FDCPA.  Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citations omitted).  Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  At issue in the Court's analysis of Plaintiffs' objections is whether Defendant engaged in an act or omission prohibited by either of these two sections of the FDCPA.

Courts in the Eleventh Circuit use a "least sophisticated consumer" standard to determine whether conduct violates the FDCPA under 1692e and 1692f.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193, 1200-01 (11th Cir. 2010) (citing Jeter v. Credit Bureau Inc., 760 F.2d 1168, 1175-77 (11th Cir. 1985)).  This standard is an objective standard, which requires the Court to analyze "whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices."  Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1298 (M.D. Fla. 2001) (citing Jeter, 760 F.2d at 1175).  Courts have interpreted this standard in a manner that "protects debt collectors against liability for unreasonable misinterpretations of collection notices."  Clomon v. Jackson, 988 F.2d 1314, 1319 (2d

Cir. 1993). "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." LeBlanc, 601 F.3d at 1194 (quoting Clomon, 988 F.3d at 1319). While the standard is protective of consumers, "it prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding. . . ." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citations and internal marks omitted).

In the instant case, Defendant represented in its letter of August 2, 2011, that BANA was the "secured creditor" with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."[2] (Doc. No. 5-4.) As an initial matter, the Court observes that much of the language at issue in this letter comes directly from O.C.G.A. § 44-14-162.2, which addresses notices of foreclosure sales under Georgia law and requires that a foreclosing entity provide notice in writing to the debtor that includes the name and contact information of the entity with "full authority to negotiate, amend, and modify all terms of the *mortgage* with the debtor. . . ." O.C.G.A. § 44-14-162.2(a) (emphasis added). This statutory provision also provides, as indicated in the subject letter, that the statute should not be construed "to require a secured creditor to negotiate, amend, or modify the terms of a *mortgage instrument*." Id. (emphasis added).

The Magistrate found, and the undersigned agrees, that the August 2, 2011, letter did not identify BANA as "the secured creditor of the Note." Rather, consistent with the statutory language of O.C.G.A. § 44-14-162.2(a), all references

---

[2] Defendant contended in its briefing on the Motion to Dismiss that the letter did not identify BANA as the secured creditor at all, but the Magistrate rejected that contention. Defendant has not objected to any part of the Magistrate's R&R, and the Court finds that this interpretation of the letter by the Magistrate is not plainly erroneous, particularly in light of the "least sophisticated consumer" standard.

were to the mortgage or mortgage instrument, which in this case was the Security Deed, not the Note. The parties disagree whether the Security Deed essentially became a nullity once the Note was assigned by BANA to Fannie Mae, but there is no dispute that a security deed or security interest is distinct from a promissory note. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (explaining the difference between a promissory note and a security interest). Thus, a review of the actual language of the August 2, 2011, letter informs that the Magistrate correctly found that Defendant did not identify BANA as "the secured creditor of the Note."

The Court disagrees with the Magistrate's conclusion, however, that the August 2, 2011, letter did not imply that BANA had authority to modify or amend the Note. Particularly critical to this Court's rejection of this conclusion is the requirement that the Court evaluate the communication using the "least sophisticated consumer" standard. See LeBlanc, 601 F.3d at 1193, 1201. The least sophisticated consumer would likely interpret the letter to state that BANA had the full authority to negotiate, amend, and modify all terms of the mortgage loan or promissory note, as the terms "mortgage" and "loan" are often used interchangeably (e.g., mortgage modification and loan modification), especially by laymen. However, "[a] promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another," whereas "[a] mortgage is a type of security interest with real property as the collateral." Reese, 678 F.3d at 1216 (citation omitted); see also Smith v. Litton Loan Servicing, LP, No. 10-14700, 2012 WL 1444636, at *1 (E.D. Mich. Apr. 26, 2012) ("The mortgage is a security interest in real property which secures the repayment of the mortgage loan."). Thus, having the authority to negotiate, amend, and modify all terms of the mortgage is distinct from having the authority to negotiate, amend, and modify all terms of the mortgage loan or promissory note, and the least sophisticated consumer likely would not appreciate the difference, especially in the context of a debt

collection letter like the letter of August 2, 2011.

Plaintiffs allege in their First Amended Complaint for Damages (hereinafter "First Amended Complaint") that BANA sold and assigned the promissory note to Fannie Mae, and the Court must accept this allegation as true. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). While it is also true that BANA remained the holder of the Security Deed, BANA would no longer have been in the position to negotiate, amend, or modify the terms of the mortgage loan following the assignment of the promissory note to Fannie Mae, unless BANA possessed authority to act as an agent of Fannie Mae. Defendant states in its reply brief in support of the Motion to Dismiss that BANA was such a servicer and agent for Fannie Mae and thus was properly identified as the entity with full authority to modify the terms of Plaintiffs' loan. (Def.'s Reply Br. in Supp. of its Mot. to Dismiss Pls.' First Am. Compl. [Doc. No. 9] at 5.) However, Plaintiffs do not allege in their First Amended Complaint that BANA was a servicer and/or agent for Fannie Mae, and the Court cannot consider matters outside of the pleadings and the exhibits attached thereto when evaluating a motion to dismiss under Rule 12(b)(6). <u>GSW, Inc. v. Long County</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). Moreover, even if BANA was a servicer and/or agent for Fannie Mae, Defendant still failed to state in the letter that BANA had authority to act *on behalf of Fannie Mae* with respect to negotiating, modifying, or amending the terms of Plaintiff's loan. The Court concludes that Plaintiffs have properly stated an FDCPA claim based on the allegation that the August 2, 2011, letter deceptively implied that BANA had full authority to negotiate, modify, or amend the Note, although Defendant had knowledge that Fannie Mae was the secured creditor of the Note.

The Court agrees with the Magistrate that the letter truthfully characterized BANA as the secured creditor with respect to the mortgage instrument, since BANA continued to be the record holder of the Security Deed. However, at least for purposes of the foreclosure notification requirements under O.C.G.A. § 44-14-162.2,

there is a split of authority in this district concerning whether the holder of the security deed must also possess or hold the promissory note or have a beneficial interest in the debt obligation underlying the deed to be considered a secured creditor.  See You v. JPMorgan Chase Bank, N.A., No. 1:12–cv–202–JEC–AJB, 2012 WL 3904363, at *6 (N.D. Ga. Sept. 7, 2012).  In fact, in the You litigation, Chief Judge Carnes certified this question to the Supreme Court of Georgia.  You v. JPMorgan Chase Bank, N.A., 1:12–cv–202–JEC, [Doc. No. 16 at 2] (N.D. Ga. Sept. 7, 2012). Given that courts are not in accord regarding the proper identification of the secured creditor, the least sophisticated consumer certainly could be confused and misled by Defendant's identification of BANA as the secured creditor, even if this characterization of BANA as such was truthful.[3]  See Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011) ("[A] literally true statement can still be misleading."); Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 172 (6th Cir. 2011) ("Truth is not always a defense under this test, since sometimes even a true statement can be misleading.").

The Court finally addresses Plaintiffs' objection to the Magistrate's determination that BANA qualifies as a "creditor" as defined in the FDCPA. Pursuant to 15 U.S.C. § 1692a(4), "[t]he term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed . . . ."  Plaintiffs acknowledge that BANA, at one time, was a creditor of Plaintiffs, but Plaintiffs argue that BANA ceased being a creditor after assigning the Note to Fannie Mae. Plaintiffs, however, cite no legal opinions in support of their position, and the Court is of the opinion that BANA remains the *original* creditor, notwithstanding the

---

[3] Again, the Court realizes that Defendant used language directly from O.C.G.A. § 44-14-162.2(a). However, if a foreclosure notice is also going to serve as a debt collection notice, the debt collector should perhaps be more clear regarding what the terms "mortgage" and "mortgage instrument" mean so as not to be deceptive or misleading to a least sophisticated consumer.

- 9 -

assignment. Thus, the Magistrate did not err in finding that BANA qualifies as a creditor under the FDCPA.[4]

In sum, the Court concludes that Plaintiffs have stated a claim for violations of §§ 1692e and 1692f of the FDCPA. The letter of August 2, 2011, could be read by the least sophisticated consumer to imply deceptively that BANA had full authority to negotiate, modify, and amend the terms of the Note. Further, the Court agrees with Plaintiffs that it is plausible that this representation was unconscionably used by Defendant to collect a debt from Plaintiffs. For these reasons, the Court rejects the Magistrate's recommendation that the Court dismiss Plaintiffs' FDCPA claims under §§ 1692e and 1692f.

## IV. CONCLUSION

Based on the foregoing, the Court **ADOPTS in part** and **REJECTS in part** the Magistrate's R&R [Doc. No. 10]. Specifically, the Court adopts all of the findings, conclusions, and recommendations in the R&R, except the finding that Plaintiffs have failed to state a claim for violations of §§ 1692e and 1692f of the FDCPA and the recommendation that the FDCPA claims under these statutory provisions be dismissed. Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint for Damages [Doc. No. 5]. All claims, except Plaintiffs' claims under §§ 1692e and 1692f of the FDCPA, are hereby **DISMISSED with prejudice**.

The Court **REFERS** this matter back to Magistrate Judge Russell G. Vineyard for further proceedings.

**(SIGNATURE ON FOLLOWING PAGE)**

---

[4] In any event, the Court agrees with the Magistrate that "the relevant question in evaluating whether the letter was misleading is not whether BANA is a creditor or a debt collector under the FDCPA, but whether BANA was falsely described as a secured creditor." (R&R at 16 n. 12.)

SO ORDERED this 19th day of March, 2013.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE